UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN J. STAPLETON,

       *Plaintiff*,

v.

JOHN DOE, SCOTT KASPER,
LOUISE SCHILLINGER,
DIANE JODOIN, BRANDT
ROUSSEAUX, LARRY SIMINSKI,
PAUL NIEWALTOWSKI, AMANDA
NIEWALTOWSKI, RAYMOND
BOSWELL, JULIENNE FERRIS,
KYLE OMARA, JOHN T. FERRIS,
JOHN D. SCHWEDLER, JOHN
ATWELL,

       *Defendants*.
_____/

CASE NO. 1:22-cv-12036

HON. THOMAS L. LUDINGTON
DISTRICT JUDGE

HON. PATRICIA T. MORRIS
MAGISTRATE JUDGE

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON *SUA SPONTE* DISMISSAL

**I.  RECOMMENDATION**

    On August 30, 2022, John J. Stapleton, proceeding *pro se,* filed suit in this Court. The handwritten, 13-page complaint names 14 Defendants and alleges violations of his rights under 18 U.S.C. §§ 241, 242; 42 U.S.C. §§ 1982, 1983, 1985, 1986 and the United Nations Charter of Rights.  Stapleton's application to proceed *in forma pauperis* ("IFP") has been granted. (ECF No. 2).  For the following reasons, I conclude that Plaintiff has

1

failed to state a plausible or non-frivolous claim, and therefore pursuant 28 U.S.C. § 1915(e)(2)(B) his complaint should be *SUA SPONTE* **DISMISSED**.

## II.  REPORT

### A.  The Complaint's Allegations

As a threshold matter, Plaintiff's claim that Defendants violated various civil rights and criminal statutes is unsupported by factual allegations. He asserts that Defendants were "instigators of erosion of constitution protected by lack of warrant." (*Id.* at PageID.9). His allegations as to each Defendant are limited to the following.

Due to "intolerance and narcissistic tendencies," John or Jane Doe "activated a hate crime upon [him]."[1]  Scott Kasper violated his civil rights "and became a vigilante." (*Id.*) Louise Schillinger "enforced erosion" of his constitutional rights causing physical and mental distress. (*Id.*)  Diane Jodoin "reaffirmed vigilanties' actions." (*Id.*)  Brandt Rousseaux violated his oath of office resulting in him becoming a "vigilante." (*Id.* at PageID.10).  Larry Siminski was aware of the constitutional violations of the other Defendants and profited from the implementation of a "trespass order." (*Id.*)

Paul Niewaltowski's "comradery" with other the other Defendants violated his oath of office. (*Id.*) Amanda Niewaltowski's relationship with Paul Niewaltowski "erases oath of office" and thereby contributed to the wrongs done to Plaintiff. (*Id.*) Raymond Boswell refused to "discharge his duties of office" and violated his oath of office.   (*Id.* at

---

[1]The quoted portions of the Complaint are corrected for spelling errors.

PageID.11). Julienne Ferris also violated her oath of office. (*Id.*) Kyle Omara bears responsibility for failing to condemn the other Defendants for their actions. (*Id.*) John T. Ferris was hired "to suppress" Plaintiff's rights under the Constitutional and United Nations Charter and to perpetrate "hate crimes by instigators." (*Id.*). John D. Schwedler "willfully" violated his oath of office. (*Id.* at PageID.12). Finally, John Atwell, due to "malice and narcissistic motives with intolerance," "eroded" Plaintiff's "constitutional rights of association" and violated his "oath of office." (*Id.*).

Appended to the Complaint are a photocopy of handwritten notes stating that in June 2020, unnamed police officers served papers on Plaintiff "to purge [his] lifestyle" (*Id.* at PageID.13); a copy of a "no trespassing sign" forbidding trespass by governmental agencies including the "local members of planning and zoning boards." (*Id.* at PageID.14); a copy of a warning sign that trespassers would be subject to criminal prosecution (*Id.* at PageID.15); a legal notice by Plaintiff warning against trespass upon the property at 8456 Will Street, Port Austin, Michigan (*Id.* at PageID.18); a letter from a medical provider stating that Plaintiff experiences "situational anxiety" and depression (*Id.* at PageID.20); the "Lawyer's Oath" (*Id.* at PageID.21); a copy of 5 U.S.C. § 331, "Oath of Office" (*Id.* at PageID.23); and the United Nations "Declaration on the Protection of All Persons from Being Subjected to Torture and Other Cruel, Inhuman or Degrading Treatment of

Punishment." (*Id*. at PageID.24). G.A.Res. 3452, 30 U.N. GAOR Supp. No. 34 at 91, U.N.Doc. A/1034 (1975).[2]

### B. Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), a court must *sua sponte* review and dismiss the complaints of plaintiffs proceeding IFP if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When a plaintiff proceeds without counsel, the court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

When considering whether a complaint states a claim, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir.

---

[2]Plaintiff filed an earlier case in this Court on August 10, 2022, alleging civil rights violations related to the Will Street property. *Port Austin v. Stapleton,* Case No. 1:22-11895. The undersigned recommended that the claim be dismissed under 28 U.S.C. § 1915(e)(2)(b), and Rule 12(b)(6). Case No. 1:22-11895 (ECF No. 7). On September 15, 2022, the District Court adopted my recommendation but further, upon discovering the existence of an ongoing state criminal action, remanded the case to state court under 28 U.S.C. §§ 1443, 1455(b)(4). Case No. 1:22-11895 (ECF No. 9); *Port Austin v. Stapleton,* no. 22312-ON (Mich. 73B Dist. Ct. Huron Cnty. Filed July 6, 2022). Because the current Complaint does not state that Plaintiff has a pending criminal case in state court, the undersigned declines to consider whether a remand to state court is warranted.

2001). But the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," otherwise the complaint will be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard requires the plaintiff to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555. (citations omitted). The complaint must include more than "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action." *Id.*

### C. Analysis

The present action is dismissible under § 1915(e)(2)(B) because it fails to state a claim upon which relief can be granted, and it is frivolous. First, while Plaintiff alleges the violation of his civil rights under 18 U.S.C §§ 241 and 242, criminal statutes such as these do not provide a private cause of action. *See United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (The plaintiff "has no private right of action" under either 18 U.S.C. §§ 241 or 242). Stapleton has therefore failed to state a claim based on the alleged violations of criminal law.

Nor has Plaintiff stated plausible and non-frivolous claims under 42 U.S.C. §§ 1982, 1983, 1985, or 1986.[3] In *Smith v. Michigan Dep't of Human Servs.*, No. 06-

---

[3] 42 U.S.C. § 1982 provides that all citizens have the same property rights "as is enjoyed by white citizens;" § 1983 provides a cause of action for the violation of federally protected rights by state actors; § 1985 provides a cause of action for conspiracy to deprive a plaintiff of civil rights; and § 1986 provides a cause of action for neglect or refusal to prevent or aid in preventing a violation of § 1985.

14960, 2007 WL 2178318, at *3 (E.D. Mich. July 27, 2007) (Lawson, J.), the Court explained the relationship between § 1915(e)(2)(B)(ii) and failure to state a claim as follows:

> [U]nder section 1915(e)(2)(B)(ii), a plaintiff's complaint is subject to dismissal for failure to state a claim if the factual allegations, taken as true, do not demonstrate that the plaintiff is entitled to relief.... To be entitled to relief, the plaintiff's complaint must contain "'either direct or inferential allegations respecting all the material elements needed to sustain a recovery under *some* viable legal theory.'" *Brown v. Scott*, 329 F.Supp.2d 905, 909 (E.D. Mich. 2004) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)) (emphasis in original).

The Sixth Circuit has recognized that such pleading requirements are mandatory, even for *pro se* litigants. *Wells*, 891 F.2d at 594. A court "should not have to guess at the nature of the claim asserted." *Id.*

Plaintiff has done no more than cite a number of civil rights statutes under Title 42, and then make vague and factually unsupported claims that the Defendants somehow engaged in vigilantism, violations of their oaths of office, perpetrating hate crimes, and in general eroding his constitutional rights. *Iqbal* requires more than "labels and conclusions," and a plaintiff is required to set forth *facts* to support the legal claims against each defendant named in the complaint. 556 U.S. at 678 (a claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). It does not suffice to tender "naked assertion[s]" devoid of "further

6

factual enhancement." *Id*. (quoting *Twombley*, 550 U.S. at 557). Plaintiff has not provided any facts from which it could be inferred that any Defendant violated any provision of federal law.

Moreover, Plaintiff's claim that he is entitled to relief under the United Nations Charter of Rights has no basis in fact or law. "The Declaration on the Protection of All Persons from Being Subjected to Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment is a non-binding resolution" of the United Nations General Assembly. *Rosenfeld v. Talamantes*, No. CV 22-0497 DSF (EX), 2022 WL 2903144, at *12 (C.D. Cal. May 23, 2022) (citing *Hawkins v. Comparet-Cassani*, rev'd on other grounds, 33 F. Supp. 2d 1244, 1257 (C.D. Cal. 1999)). Further, to the extent that Plaintiff's claim could be construed to allege that Defendants were acting under color of state law, "[t]here is no reported case of a court in the United States recognizing a cause of action under *jus cogens* norms of international law for acts committed by United States government officials against a citizen of the United States." *Hawkins*, 33 F. Supp. 2d at 1255.[4] Moreover, under the Declaration, "torture" is defined as "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted by or at the instigation of a public official on a person for such purposes as obtaining from him or a third person

---

[4] "*Jus cogens* norms of international law comprise the body of laws that are considered so fundamental that they are binding on all nations whether the nations have consented to them or not." *Id*.

7

information or confession, punishing him for an act he has committed or is suspected of having committed, or intimidating him or other person." G.A. Res. 3452, 30 U.N. GAOR Supp. No. 34 at 91, U.N.Doc. A/1034 (1975). Plaintiff has not provided any factual allegations to support his claim of torture or otherwise inhumane treatment by Defendants.[5] Accordingly, this claim is subject to dismissal under both Rules 12(b)(1) and12(b)(6). *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (a complaint "is frivolous where it lacks an arguable basis either in law or in fact.").[6]

In short, Plaintiff has not shown any basis for federal jurisdiction, nor has he pled facts that would plausibly support any cause of action, federal or otherwise. This complaint falls far short of the pleading standard of *Twombley* and *Iqbal*. It does not state a claim on which relief can be granted, and insofar as it lacks any basis in law or fact, it is frivolous. Therefore, the complaint must be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

## III. CONCLUSION

For the reasons stated above, I recommend that the Court *sua sponte* dismiss the case under 28 U.S.C. § 1915(e)(2)(B).

---

[5] The Declaration declines to condemn "pain or suffering arising only from, inherent in or incidental to lawful sanctions." *Id.*

[6] "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

## IV. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1,"

9

"Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: October 6, 2022                                S/ PATRICIA T. MORRIS
                                                          Patricia T. Morris
                                                          United States Magistrate Judge